PASCHAL ST. MARTIN, Respondent, *vs.* STEPHEN DESNOYER, Appellant.

Words charging the commission of an act which, if committed, would subject the person charged therewith to indictment at common law, are actionable *per se*, and the words, "You have stolen my belt," are therefore actionable *in themselves*.

Where words alleged to be slanderous are of equivocal import, it is not error to submit to the Jury the question of the intent with which the words were spoken.

A verdict will be set aside which is the quotient arising from the division by twelve of the aggegate of twelve different sums specified by each individual juror, but it is incompetent to prove such facts, or any facts impeaching the verdict, by jurors themselves, or by third persons upon hearsay from jurors.

Is it error for Counsel in addressing the Jury to comment upon the amount of a former verdict in the same action? If it be, it stands upon a footing with the introduction of improper evidence, and, unless objection is made on the trial, cannot be assigned as error.

The question of damages is the peculiar province of Juries; and unless they are so excessive as to warrant the inference of prejudice, partiality or corruption, a verdict will not be disturbed on the ground of excessive damages.

Upon an Appeal from an order refusing to award a new trial, this Court has no power to affirm the judgment with twelve per cent. damages and double costs.

This was an action of Slander, tried at the April Term of the District Court, in the County of Ramsey. The Declaration charged, among others, the utterance of the following slanderous words : "You stole my belt !" "You have stolen my belt. You might as well have stolen my belt, as you

broke open my two *cassets* (trunks) two years ago!" The Defendant pleaded the general issue. After the testimony was closed, the Defendant's counsel asked the Court to charge the jury, that the words "You have stolen my belt" were not actionable, and no recovery could be had without proof of special damage; and that the words, "You have stolen my belt, as you broke open my two *cassets* (trunks) two years ago," were not actionable, and the Defendant was not liable without proof of special damage. His Honor, the Judge, refused so to charge, and instructed the jury that, if they believed the Defendant intended to charge the Plaintiff with stealing, the words were actionable. To all of which the Defendant's counsel excepted. The Jury found a verdict for the Plaintiff for $212 50.

On the 11th day of May, 1852, the Defendant moved for a new trial, upon the exceptions taken to the charge.

And further, because the jury made up their verdict by agreeing each to specify a sum as due to the Plaintiff, to divide the aggregate of the sums so specified, by twelve, and to take the quotient as the result.

Also, because the Counsel of the Plaintiff, in his address to the jury, commented upon the amount of a verdict rendered upon a former trial of the same action.

Also, because the damages were excessive.

The affidavits of three jurors were introduced to show the manner in which the verdict was made up, and of one of the Defendant's Attorneys to show the objectionable matter of the address of Plaintiff's Counsel to the jury.

A new trial was denied, and the cause came into this Court upon an Appeal from the order denying a new trial.

RICE, HOLLINSHEAD & BECKER, for Appellant.

I. ATWATER, for Appellee.

*By the Court.*—CHATFIELD, J. This is an action on the case for verbal Slander, and it is brought into this Court by Appeal from an order made therein overruling the Defendant's motion for a new trial.

The causes urged for a new trial will be considered in the order in which they are stated in the motion.

The first point is, that "the Judge (before whom the cause was tried) erred, in charging the jury that the words '*You have stolen my belt*' are actionable."

The rule is: that words charging a person with having committed an act for which, if the charge were true, he would be punishable criminally by indictment, are actionable *per se. Young vs. Miller,* 3 *Hill's Rep.* 21, and the cases there referred to by the Court. Stealing or larceny is an act—a crime, thus punishable. All larcenies were, at common law, felonies. The words "You have stolen my belt" contain a direct and unequivocal accusation of the crime of larceny, and are therefore actionable. This instruction to the jury, given as it was in the abstract, and without assuming that the words were proved, was correct.

The second point is, that "the Judge erred in charging the jury that the words 'You have stolen my belt; you might as well steal my belt, as you broke open my cassets two years ago,' are actionable."

This point is not accurately stated according to the instruction given by the Judge, as contained in the bill of exceptions. It is there stated that upon these words the Judge charged the jury, "that if they believed the Defendant intended to charge the Plaintiff with stealing, the words were actionable. He thus left it to the jury to ascertain and determine the meaning and intent of the words—to give them construction and application—and, in effect, instructed them, as a matter of law, that the words were actionable, or not, as they should or should not find that the Defendant intended thereby to charge the Plaintiff with the crime of stealing—that if the Defendant did so intend, the words were actionable : otherwise, not. The question of intent was properly left to the jury, and the rule of law thereon was correctly given to them.

The third point is, that "the jury made up their verdict by agreeing each to specify a sum as due to the Plaintiff, and divide the aggregate of the sums so specified by 12, and to take the quotient as the result."

If this point, in the form in which it is stated, is sustained by competent proof, it is conclusive against the verdict. The evidence adduced in support of it is,—

*First.* The affidavit of Mr. Hollinshead, one of the Counsel for the Defendant,—that two of the jurors of the said jury informed him that the verdict "was made up by agreeing that each juror should specify a sum as due to the Plaintiff: that the sums so specified should be added together, and the aggregate amount divided by 12, and that the quotient should be their verdict; that the agreement thus made was carried out, and the verdict rendered by the jury was the result thereof."

*Second.* The affidavits of two of the said jurors to the same effect and extent: one of whom was one of the informants of Mr. Hollinshead.

The Plaintiff objects, that these affidavits are neither admissable nor competent evidence to prove the fact sought to be established thereby. Are they?

It is now quite conclusively settled that the affidavits of jurors will not be received when offered to prove misbehavior in the jury with regard to the verdict. 1 *Greenleaf's Ev.* Sec. 252, *A.* This rule is stated in very strong language in *Graham's Practice, second edition,* p. 315: "In no case will the affidavits of jurors be received to impeach their verdict: the fact must be established by other evidence." The affidavits of the jurors offered in this case, to show misconduct on their part, and thus impeach and avoid the verdict, must be excluded.

The policy and reasons which exclude, in such cases, the affidavits of jurors, apply with increased force against their declarations without oath to third persons. If it is not properly allowable to put a verdict within the power of the affidavits of jurors, how much less allowable it must be to place the same verdict at the mercy of their mere declarations. It would be to receive, as competent evidence, hearsay,—the acknowledged source of which is incompetent. The proposition palpably exposes its own error and impropriety. The affidavit of Mr. Hollinshead must also be excluded.

The affidavits upon which this allegation against the verdict is founded being excluded, the point is without support, and must be disregarded. And it would seem to be unnecessary to refer to the joint affidavit of three members of the jury,

produced by the Plaintiffs to controvert it.   It may, however, be proper to say that this affidavit was admissible to support the verdict, had the evidence to impeach it been competent. It shows that the amount of the verdict was arrived at in the manner alleged by the Defendant, but it very explicitly denies that there was any agreement among the jurors by which they were to be bound by the result or precluded from objecting to it.   It states, substantially, that each juror was at perfect liberty to object to the result—and they did object—if not satisfied: and that the operation was several times repeated; that it was proposed as a means of arriving at a fair measure of damages,— and that the verdict, as finally rendered, was agreed to by discussion among the jurors as to its justice and correctness which took place after the sum had been so found.

The facts stated in this affidavit do not vitiate the verdict. To have that effect, it should appear that the jury, before ascertaining the quotient, agreed among themselves to abide at all events by the contingent result as their verdict, and that it was made up and rendered accordingly.   *Graham's Pr. second ed.* 315.   Such seems to be the rule.

The fourth point is, "that the Attorney for the Plaintiff, in addressing the jury, referred to, and urged, in support of his case, the amount of the verdict given on the former trial."

This point rests solely upon an affidavit stating the fact urged as error.   The point is not of that kind or character that ought to be allowed to stand upon *ex parte* affidavits.   The fact alleged must have transpired in the course of the proceedings upon the trial in Court, and in the presence of the Counsel for the opposite party.   Errors thus occurring are the proper subjects to be included in a bill of exceptions or case, to be settled by the Judge upon notice to the opposite party.

To make this allegation of error—if good at all—effectual however presented, it should appear that the act complained of was objected to at the time, the objection overruled, and exception taken.

The rules governing the admission of evidence apply to and control the question made by this point; and it cannot be contended that the admission of improper evidence to the jury,

Paschal St. Martin *v.* Stephen Desnoyer.

without objection, can be alleged as error upon affidavit after verdict.

The fifth point is, that "the damages allowed by the jury are excessive."

The action is for Slander. The damages assessed by the verdict are, $212 50. It does not appear that there was any evidence in the case to show what was the Defendant's personal or pecuniary rank and influence in society at the time when the slanderous words are alleged to have been spoken. The words were therefore given to the jury without any detraction from or aggravation to the injury of the Plaintiff, which their common and ordinary meaning and effect would naturally produce. It was exclusively the right and duty of the jury to determine the extent of such injury, and the amount of damages which the Plaintiff had sustained thereby; and in this, as in all kindred cases, the liquidation by the jury is conclusive: unless the sum be so excessively large and disproportionate as to warrant the inference that they were, in making up their verdict, improperly swayed by prejudice, preference, partiality, passion or corruption. The circumstances of this case will not warrant this Court in drawing any such inference.

The order from which the Appeal in this case was taken must be affirmed with costs.

The Plaintiff asks that the *judgment* be affirmed with twelve per cent. damages and double costs. If this Court was disposed to grant this request, it has not the power to do it.

*First.* Because the Appeal is not from the *judgment*, but from the order refusing a new trial; and,

*Second.* Because the section of the Statute under which the Plaintiff claims these allowances (*R. S.* 416, Sec. 26) does not apply to appeals. Double costs may, in the discretion of the Court, be awarded to "the party prevailing on a writ of Error"—not on an Appeal.

That section of the Statute has been so amended as to preclude the recovery of *damages* by the prevailing party on a writ of Error. *Amendments*, p. 13, Sec. 52.