### OWEN McCARTY,

*v.*

### JOHN BARRETT.

The rule that words to be actionable in themselves must charge an offense punishable by law, applied to this case.

Whether words are actionable in themselves or not, if it appears from other circumstances that they were not used by the defendant, or understood by the bystanders in an injurious sense, the action cannot be sustained.

It is for the Court to determine whether a given state of facts will constitute a cause of action; but the speaking of the words, the intention of the defendant in speaking them, and the existence of the facts in each case, are questions to be determined by the jury from all the concomitant circumstances.

An allegation of words in the second person, is not proved by evidence of words spoken in the third person.

Where the injurious words proved were "You robbed the town of St. Cloud, you are a public robber," the sense in which the words were used is a question of fact for the jury.

Sufficiency of evidence to sustain a verdict considered and determined.

This is an action for slander brought in the District Court for Stearns County.

The slanderous words alleged in the complaint are, "You (meaning this plaintiff) are a thief, you (meaning this plaintiff) are a robber, and a public robber, and you (meaning this plaintiff) robbed the town of St. Cloud, and you (meaning this plaintiff) stole from the town of St. Cloud."

The cause was tried, and the jury found for the defendant. Plaintiff moved for a new trial, which was denied, and he appeals to this Court from the order denying such motion.

The case sufficiently appears in the opinion of the Court.

McCarty v. Barrett.

Gordon & Collins for Appellant.

Moore & Kerr for Respondent.

*By the Court*—McMillan, J.   This is an action for slander, brought by the appellant against the respondent, and upon the trial in the court below resulted in a general verdict for the defendant; whereupon the plaintiff's counsel moved for a new trial, upon the ground that the verdict was not justified by the evidence, and was contrary to law, which was argued, and the motion was denied by the Court.   From the order denying a new trial the plaintiff appeals to this Court.

The case presents no exceptions to the admission of testimony, or the rulings or charge of the Court.   The only question therefore is as to the sufficiency of the testimony to justify the verdict.

The first point made by the appellant is that the words alleged and proved are actionable *per se.*   The reported cases show a great diversity of views as to what words are actionable in themselves.

The rule in New York is, that in case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, the words will be in themselves actionable.   *Brooker vs. Coffin,* 5 *John. R.* 188.

In Massachusetts the rule adopted is different; the authorities in that State going to the extent that words, to be actionable, must import in themselves a charge of some punishable offense.   *Bloss vs. Tobey,* 2 *Pick.* 328; *Dunnell vs. Fiske,* 11 *Met.* 552.

The Supreme Court of the Territory of Minnesota, in common with many of the courts both of England and our own country, lays down the rule that words to be actionable in

themselves, must charge an indictable offence. *St. Martin vs. Desnoyer*, 1 *Minn.* 156. But none of the authorities have enlarged the rule so as to make words actionable in themselves, which do not charge an offense punishable by law.

It is not necessary for us at this time to adopt any general rule on this subject, as this action may be disposed of under the application of the most enlarged rule as to words actionable in themselves, sustained by the authorities on the subject.

To sustain an action for slander it is necessary either :

1. That the words charged as slanderous, carry upon their face an open and direct imputation of the crime, or

2. That in themselves, or by reference to circumstances, they be capable of the offensive meaning attributed to them, and

3. It is incumbent on the complainant to show that the defendant did in fact use them in that sense. 1 *Starkie on Slander*, 44.

If the words spoken are in themselves actionable, in the absence of all circumstances qualifying their use, malice in the defendant would perhaps be implied, but whether actionable in themselves or not, if it appears from other circumstances that they were not used by the defendant, or understood by the bystanders in an injurious sense, the action cannot be maintained. *Van Rensselaer vs. Dole*, 1 *John's cases*, 279.

It is for the court to determine whether a given state of facts in any case will constitute a cause of action, but the speaking of the words, the intention of the defendant in speaking them, and the existence of the facts in each case, are questions to be determined by the jury from all the concomitant circumstances. 1 *Starkie on Slander*, 45.

The plaintiff on the trial of this cause testified as follows : " I am the plaintiff ; live in this town; have lived here 10 or

11 years; know the defendant Barrett; the defendant said "I robbed the town of St. Cloud;" I answered that I did not do any such thing; yes, said he, you did; you are a public robber and I will prove it, that was all he had to say ; this was in Gregory's R. R. office, in the town; Gregory, Lewis Welch, and Ed. Hill, were present; I came in with Mr. Hill about a 40 acres of R. R. land; I have a family; three children and a wife." This is the entire testimony of the plaintiff. It appears from the testimony of Mr. Gregory, a witness for plaintiff, that the plaintiff, defendant, Hill and Welch were in the witness' office about a piece of land.

This witness says "they were in a wrangle, they were in a disagreement about buying the land. Mr. Barrett and Mr. Hill wanted the land. During the conversation Mr. Barrett said to the plaintiff, ' You are an old thief, you robbed the town of St. Cloud ;' this was the substance of it. I then told them I would have no more quarrelling in the office. They were both angry but sitting down ; it was a taunt as I took it ; I did not consider it as anything more. They were jawing all the time they stayed there. * * Plaintiff seemed interested in Mr. Hill's behalf. McCarty was interested in getting the land for Hill. * * They were contesting about the land from 15 to 20 minutes before the language was used. It was a quarrel between McCarty, Hill and Barrett. * * What the language was, used by McCarty to Barrett, I cannot tell ; this language of Barrett was in reply to something McCarty had said. The language was all used in an angry tone, both that which McCarty used to Barrett, and that used by Barrett to McCarty. I supposed at the time it was an angry quarrel. McCarty said, " I will make you prove it." I had no impression at the time as to the bearing of the words. I considered it simply as an angry quarrel. I

thought the plaintiff was angry before the words charged were used."

Edward Hill, a witness for the plaintiff, testified as to the words used as follows : " Heard defendant call plaintiff a robber; he said, "he robbed the town of St. Cloud, I can prove it." This was all, I believe." * * I understood defendant wanted to break plaintiff's character down. There was a good deal passed that I did not take notice of."

On cross-examination this witness testified : "I cannot state what was said about a road running through McCarty's land. I thought I had to pay too much for the land ; I am married to plaintiff's step-daughter; I have had difficulty with Barrett; I told Roach, that plaintiff I supposed, could come at defendant's place; never told him that plaintiff had a hold on defendant now, and would hold him to it, or words to that effect."

Lewis Welch a witness for the plaintiff testified as follows : " Mr. Barrett said if he had the ability, he would make him do the same as plaintiff did, when he robbed the town of St. Cloud ; this is all I can say I heard then."

The only witness for the defence was the defendant himself. The following is his testimony : " We first got into the row in regard to buying the forty acres of land. * * * We talked along a good deal ; McCarty told me I could not have the land at any price ; he said Hill would not have signed any petition if he had taken his (McCarty's) advice ; I then told McCarty he was not Hill's daddy at all times, and that Hill could not cheat the town of Brockway, as he, McCarty, had tried to cheat the town of St. Cloud ; it is possible that at the time, we were both in anger, that I might have said something that I don't now recollect; and finally I told the plaintiff that he might work it as he did against St. Cloud in getting the road through his land ; we were pretty rough with each other;

I mean by rough, angry; I may have said something I do not now recollect; to the best of my opinion I did not call him a public robber; to the best of my recollection I did not call McCarty an· old thief."

The words charged as slanderous in the complaint are laid in the second person: the testimony of Hill shows words spoken in the third person; the witness Welch also states the words as used in the third person, and differs in his statement of the words used. The rule is well settled that an allegation of words in the second person, is not proved by evidence of words spoken in the third person. 2 *Greenl. Ev.*, sec. 414.

But the remaining testimony in the case may perhaps be regarded as proving the speaking of the words by the defendant. This being so, do the words proved in themselves convey a direct charge of a crime or offense punishable by law. Taking the injurious words as stated by the plaintiff, we have the charge made by the defendant upon him, "You did rob the town of St. Cloud—you are a public robber." The crime of robbery is a well defined legal offence, and can only be committed on a human being; it could not therefore be committed against the town of St. Cloud. Giving the language a reasonable construction, the defendant did not intend to charge that the plaintiff had committed the legal offence of robbery, and the town of St. Cloud being a public municipal corporation, the defendant in applying the term public robber to the plaintiff, in the conversation in which it was used, evidently meant a robber of the public, and not to charge that the plaintiff was a *notorious* robber.

But "to rob" is sometimes used to convey the idea of stealing, or the felonious taking of property of another, and in this sense would be applicable to a public body, as well as an individual, and if this was its only signification the words would be .actionable.

McCarty v. Barrett.

But there is a popular sense in which this term is used, particularly when applied to an individual in reference to a public or municipal body, denoting the acquisition of money or property of the public by fraud or indirection, or other means, wrong *in foro conscientiæ*, but not legally criminal, as we sometimes say a person has robbed another, when he has only made an unconscionably good bargain, and in this sense, although its use in most instances is highly reprehensible, yet it is not actionable.

As the charge in this case may have this meaning, the words used are ambiguous, and the sense in which they were used by the defendant, is a question of fact to be determined by the jury, from all the circumstances in the case. The language used by the defendant was the climax of angry and excited controversy between McCarty and Hill on the one side, and Barrett and the others in their effort to obtain a 40 acre tract of land to be sold by the R. R. Co. Barrett and Hill. both wanted the land. Mr. Gregory states that they were in a wrangle and disagreement about the land; the language, both of McCarty and Barrett was all used in an angry tone; in the language of the witness, they were "jawing all the time," and this state of affairs proceeded for from fifteen to thirty minutes before the language complained of was used by Barrett in reply to something McCarty had said. None of the witnesses pretend to give an account of what was said during this controversy, but all agree that much was said on the occasion. Barrett the defendant does state something that transpired, and he is not contradicted in his statement. Barrett states that in reply to McCarty's statement, that Hill would not have signed any petition if he had taken his (McCarty's) advice, he told McCarty that he was not Hill's daddy at all times, and that Hill could not cheat the town of Brockway, as he, McCarty, had tried to cheat the town of St. Cloud,

McCarty v. Barrett.

and finally that he might work it as he did against St. Cloud in getting the road through his land. It is manifest from these expressions, that the conduct of McCarty with reference to St. Cloud had been characterized by language which did not impute to him robbery, or any other crime; also that some proceedings had been had by him in which the town of St. Cloud was involved, in reference to a road through his own land, and the injurious language may have been used in reference to those proceedings, and from their connection, and all the surrounding circumstances, it may have appeared to the jury that the words were used in another than an actionable sense.

There was manifestly no express malice in the language on the part of the defendant; the transaction was regarded by Mr. Gregory as an angry quarrel, and made no impression on his mind other than that. In view of all the facts we think there is evidence sufficient to sustain the verdict.

The order denying the motion for a new trial is affirmed.