## BARNARD K. KNOWLTON

### *vs.*

## HENRY McMAHON.

Ordinarily on a motion for a new trial, the affidavit of a juror will not be received to impeach the verdict.

Whether it may be received to show the misconduct of the prevailing party, or where its refusal would clearly work great hardship or injustice, *quaere*.

It is not ordinarily admissible thus to prove as a ground for setting aside the verdict, that the officer having the jury in charge was guilty of misconduct.

This action was tried in the District Court for Benton County before a jury, and the trial resulted in a verdict for the plaintiff. The defendant made a motion for a new trial

on the ground of misconduct of the officer having the jury in charge, and misconduct of the jury after they had retired to consider their verdict. The misconduct charged was that the officer remained with the jury, conversed with certain jurors, and sought to and did influence them in regard to their verdict. Upon the hearing of the motion, the defendant, to sustain such charge, offered the affidavits of two of the jurors; and also the affidavits of other parties, as to statements made by jurors after the verdict. The plaintiff objected to the reception of the affidavits, the Court sustained the objection, and defendant excepted. The plaintiff offered the affidavits of seven of the jurors and of the officer to sustain the verdict. The court denied the motion, and the defendant appeals from the order denying the same to this Court.

Moore & Kerr for Appellant.

Gordon & Collins for Respondent.

*By the Court*—Wilson, Ch. J.—The rule seems to be settled by the modern authorities, that on a motion for a new trial the affidavit of a juror will not be received to impeach the verdict. *St. Martin vs. Desnoyer*, 1 *Minn.*, 159; *Chadbourn vs. Franklin*, 5 *Gray*, 315; *Doran vs. Shaw*, 3 *Monroe*, 416; *Johnson vs. Davenport*, 3 *J. J. Marshall*, 390; *Little vs. Larrabee*, 2 *Greenleaf R.*, 37, *and Notes; Graham and Waterman on New Trials.*

The appellant's position that the case at bar is an exception to the general rule, is not supported by the authorities.

The decision of the Courts in Tennessee are not followed in the other States. *Thomas vs. Chapman*, 45 *Barb.*, 98, rests on the authority of *Reynolds vs. Chapman* (9 *How.*

*Prac. R.*, 7), which does not support it. The other cases cited by him to which I have had access are not in point.

*Doran vs. Shaw* is an authority against him. In that case the affidavits of jurors were offered to show the improper acts of the deputy sheriff in the jury room, and they were held inadmissible. The Court said: "It is however said that this case is different from those decided, and forms an exception to the general rule; that here the jurors are called to prove improper conduct in the attending sheriff, and not in themselves.

If this was a prosecution against the sheriff for this breach of duty, we should have no doubt that the jurors were competent witnesses. But this is not the object of the proof." "They took from the sheriff his instructions and assertions, and some depose that they conceived at the time that he had a right to give them, and that trusting to his assertions, they changed their opinions, and absolutely agreed to the verdict rendered. The motives or reasons which influenced their determination to change, and their wrongful admission of that influence, is the very essence of their testimony in favor of the complainant. And it is to prohibit an inquiry into these motives, and these influences resorted to in the jury room, that they are excluded. It is because that parties by subsequent tampering and reasoning with the jurors, might sap many verdicts by using them as witnesses to prove the grounds of their finding, and this is the very matter inquired into in this cause."

See also *People vs. Carnal*, 1 *Parker Cr. R.*, 256. The general rule has its foundation in public policy, and I am not willing to go so far as to say that it is inflexible, and without exceptions.

Perhaps, as said by Mr. Ch. Justice Taney, in *U. S. vs. Reid*, 12 *How.*, 367, "cases might arise in which it would be

Knowlton v. McMahon.

impossible to refuse them (affidavits of jurors) without violating the plainest principles of justice." But as said by the same learned judge, in the case cited, "Unquestionably such evidence ought always to be received with great caution." The Supreme Court of Kentucky, in *Johnson vs. Davenport*, said with reference to such evidence, "It seems to be universally agreed that if received at all, it should be with great caution, and we are of opinion, as far as our researches have extended, that their admissibility should be confined to cases of mistake, clearly made out, and which may be conceded as true without subjecting the jury to any imputation of improper motives, or palpable impropriety of conduct, and in relation to the proof of which mistake by their affidavits, there should be no reasonable ground for suspicion that they might have been tampered with."

Some of the authorities hold that such affidavits may be received to show the misconduct of the prevailing party. *Reynolds vs. The Champlain Transportation Co.*, 9 *How. Pr. R.*, 7; *Ritchie vs. Holbrooke*, 2 *S. and R.*, 458. And it can not be denied, but that there is some foundation in reason for admitting this to be an exception to the general rule. Justice, decency, and public policy demand that a party to the action shall not give the least ground for suspicion that he has tampered with the jury, or done any other act tending, or intended to prevent the administration of justice; and for the purpose of making such acts not only odious, but dangerous, perhaps the policy of the law is to permit them to be proven by this kind of evidence. In other words, perhaps public policy may imperatively demand this exception to the general rule. But even if this was admitted, the case at bar does not fall within the exception. Indeed, it not only does not fall within any admitted exception, or present a state of facts showing that the refusal to receive in evidence the affidavits

would work hardship or injustice, but rather, I think, illustrates the wisdom of the general rule in excluding them.

If the affidavits of the jurors were inadmissible, *a fortiori*, the affidavits of others as to what they stated.

Order affirmed.