## FILBER vs. DAUTERMANN.

SLANDER : *Whether certain words were actionable* per se.

1. In slander, the question whether the words charged impute to plaintiff a criminal offense, is a question *of law.*

2. Inducement: That one F. assigned to plaintiff a mortgage for $750, in 1863, the consideration of the assignment being that plaintiff agreed in writing to support F. during his natural life; and that F. died in 1866, leaving orphan children. The words charged are: "You have cheated and robbed orphan children out of fourteen hundred dollars." *Inuendo:* "That by the speaking of the words aforesaid, defendant intended to have it understood that the plaintiff had cheated, and stolen the property of, F.'s orphan children, and was liable to be prosecuted for the crime of larceny." *Held,*

(1.) That the words charged, taken in connection with the facts alleged as inducement, cannot be considered as imputing the crime of *larceny;* neither can they be interpreted as charging such a taking with force and violence as constitutes in law a *robbery,* but only a taking by fraud and wrong.

(2.) That the words are therefore not actionable *per se.*

Filber vs. Dautermann.

APPEAL from the Circuit Court for *Washington* County.

Slander. The plaintiff appeals from an order sustaining a demurrer to the complaint, as not stating a cause of action. The averments of the complaint will be found in the opinion.

*Frisby & Weil*, for appellant, argued that if there is any ambiguity about the alleged slanderous words, it should be left to the jury to determine their meaning (*Kennedy v. Gifford*, 19 Wend., 296, 299; *Gibson v. Williams*, 4 id., 320; *Ex parte Baily*, 2 Cow., 479; *Goodrich v. Woolcott*, 3 id., 231); that a charge of "robbery" is actionable *per se* (Townshend on S. & L., § 170 and note 470); and that the coupling of this charge with that of "cheating" did not necessarily destroy its ordinary force.

*Thorp & Frisby*, for respondent, contended that in ascertaining the meaning of the words in the complaint, they will be interpreted by the court as they would be ordinarily understood by mankind (*Goodrich v. Hooper*, 97 Mass., 1–6; *Carter v. Andrews*, 16 Pick., 1–5); and that while the term "robbed" may be used in an actionable sense to charge a crime, yet here it necessarily appears, from its connection and the subject matter to which it is applied, not to charge a felony. *Carter v. Andrews*, 16 Pick., 1, 9; *Allen v. Hillman*, 12 id., 101; *Van Rensselaer v. Dole*, 1 Johns. Cas., 279 and note (a) on page 280; *Roberts v. Champlin*, 14 Wend., 120, 122.

LYON, J. The action is for slander, and the alleged slanderous words, charged in the complaint to have been spoken to the plaintiff in the presence and hearing of others, by the defendant, are: "You have cheated and robbed orphan children out of fourteen hundred dollars." The complaint contains an averment, or a statement by way of inducement, to the effect that one John Freling assigned to the plaintiff a mortgage for seven hundred and fifty dollars, in 1863, the consideration of such assignment being that the plaintiff agreed in writing to support and maintain Freling during his natural life, and that Freling

died in 1866, leaving several orphan children. The *innuendo* stated in the complaint is, that, by the speaking of the words aforesaid, the defendant intended to have it understood that the plaintiff had cheated and stolen the property of said John Freling's orphan children, and was liable to be prosecuted for the crime of larceny.

Other words are charged in the complaint to have been spoken by the defendant to the plaintiff at the same time; but it is unnecessary to notice them, inasmuch as it seems to be conceded that they are not actionable *per se*, and no special damage is alleged.

The circuit court sustained a demurrer to the complaint on the ground that it does not contain facts sufficient to constitute a cause of action. The plaintiff appeals to this court from the order sustaining the demurrer.

The question whether the words spoken impute a charge that the plaintiff had been guilty of a criminal offense, and that such words are therefore actionable, is one of law, to be determined by the court. *Carter vs. Andrews*, 16 Pick., 1.

The alleged slanderous words here charged to have been spoken by the defendant, taken in connection with the *averment* and *innuendo* in the complaint, amount to this: that by taking an assignment of such mortgage from John Freling as the consideration for his agreement to support said Freling during his natural life (Freling having since died leaving orphan children), the plaintiff committed the crime of *larceny*.

Of course no argument is necessary to show that the speaking of the words in that sense cannot possibly impute a criminal offense. The most that can be claimed in that direction is, that they charge that the plaintiff obtained an assignment of such mortgage by some fraud, the character of which is entirely unexplained.

It is insisted, however, by the counsel for the plaintiff, that the wo⁓        �assign)ken are actionable of themselves. It is doubtless actiona⁓        ⁓ say of another that he "*robbed*" any person, unless

the words were used in a connection which shows that they were not intended to impute the crime of robbery. And independently of the averment, we think . the word " *robbed* " was here used to indicate, not a taking by force and violence, but rather a taking by fraud and wrong, the charge being that the plaintiff *cheated and robbed* orphans " *out of* " a certain sum of money. The *innuendo* seems to go upon the hypothesis that these words do not import a charge of *robbery ;* for it attributes to the plaintiff only an intent to charge the crime of *larceny.* And considered in the light of the explanatory statement contained in the inducement, it is perfectly clear that the words impute neither a charge of robbery nor of larceny

The order of the circuit court sustaining the demurrer must be affirmed.

*By the Court.*—Order affirmed.