KARGER, by guardian *ad litem*, Respondent, vs. RICH, Appellant.

*January 12 — February 2, 1892.*

*Slander: Actionable words: Inducement: Privileged communications: Special verdict: Inconsistent findings.*

1. In an action for slander, if the words spoken, taken in connection with the matter set up by way of inducement, clearly impute to the plaintiff the commission of a crime, they are actionable although, independent of the circumstances and manner of speaking them, they might not be actionable *per se.*
2. In this case the words, "You have them, and if you do not give them to me I will have you locked up," when taken in connection with the facts alleged by way of inducement, are *held* to impute to the plaintiff the embezzlement of certain postage stamps.
3. The jury having found specially that the words were not spoken in the proper place and manner, they cannot be held to have been privileged.
4. Special findings that the words were not spoken in the proper place and manner, and that the defendant did not speak the words maliciously or with intent to injure the plaintiff, are inconsistent; and the trial court having set aside the verdict for that reason, and ordered a new trial in view of the charge given to the jury, it will be presumed, on appeal, in the absence of a bill of exceptions, that there was sufficient cause in the evidence and instructions of the court to justify such order.

APPEAL from the Superior Court of *Milwaukee* County. This action was brought for slander, by a minor of the age of nineteen years, by his guardian *ad litem*, against the

Karger vs. Rich.

defendant, *Rich*, a merchant in whose employ the plaintiff was at the time of speaking the words in question, as his clerk.   It is alleged in the complaint that the plaintiff had been intrusted with a quantity of postage stamps, to stamp certain letters written in defendant's business, and that there were nine letters for which no stamps had been provided; that the defendant, on being informed of the fact, approached the plaintiff in a threatening manner, and wilfully and maliciously, in the presence of defendant's foreman and others, spoke to and of the plaintiff the words charged in the complaint, which, with innuendos, are as follows: " *You* (meaning the plaintiff) *have them* (meaning the nine postage stamps which were lost, missing or deficient), *and if you* (meaning the plaintiff) *do not give them* (meaning the nine postage stamps which were deficient or missing) *to me I* (meaning the defendant) *will have you* (meaning the plaintiff) *locked up* (meaning that he would have the plaintiff arrested and imprisoned as a thief)."   And it is alleged that defendant caught hold of and searched the plaintiff, against his will, etc.; that the defendant intended to charge and did charge the plaintiff with having stolen the nine postage stamps belonging to the defendant, and that the words so spoken were so understood by those who heard them.

The defendant, in his answer, states that the plaintiff had been provided by him with fifty-six stamps, to stamp that number of letters for him; that he used forty-seven of them for that purpose, and reported that he used all of the stamps provided; and that, on receiving this information, he went to plaintiff, in defendant's office, and demanded the missing stamps, and plaintiff declared he did not know where they were.   The answer contains a denial, substantially, of all the other allegations of the complaint.

A special verdict was returned by the jury, finding as follows:   (1) The defendant, at the time of speaking to the

plaintiff concerning the stamps, had just and reasonable cause to believe that the plaintiff had received the stamps spoken of, and failed or neglected to affix them to his letters, as it was his duty to do. (2) That the defendant spoke of and to the plaintiff substantially the words charged in the complaint. (3) That the words spoken by the defendant were spoken in good faith, in the prosecution of his own business and duty. (4) That they were not spoken in the proper place and manner. (5) That the defendant did not speak the words maliciously or with intent to injure the plaintiff. (6) That persons other than the plaintiff heard the defendant speak the words mentioned in the complaint; and that, if the court should finally determine that the plaintiff should recover, the jury fixed his damages at $100.

Both parties moved for judgment upon this verdict, and the court entered the following order: "The two findings of the jury, that the words were not spoken in the proper place and manner, and that the defendant was not guilty of express malice, are inconsistent, and the verdict must be set aside. It would appear to be error to submit the question to the jury whether the words were spoken in the proper place and manner, as a distinct question, *under a charge such as was given them,* because the place and manner of speaking the words simply go to prove or disprove express malice. The motions for judgment by plaintiff and defendant are denied, and a new trial ordered."

The defendant appealed from this order. There was no bill of exceptions showing the testimony or charge of the court.

*Frank B. Van Valkenburgh,* for the appellant, contended, *inter alia,* that the findings are not inconsistent. The manner of speaking the words merely tended either to prove or disprove malice. The finding that they were not spoken maliciously was decisive, and the other finding should have been ignored. *Hogan v. C., M. & St. P. R.*

*Co.* 59 Wis. 139; *Fick v. C. & N. W. R. Co.* 68 id. 473; *Reed v. C., M. & St. P. R. Co.* 71 id. 403. The words spoken were not slanderous. 1 Hilliard, Torts, 257, 351, 409; 5 Wait, Act. & Def. 727, 729, 730, 745; *Calkins v. Sumner,* 13 Wis. 193; *Fowler v. Horner,* 3 Campb. 294; 1 Am. L. C. 160; *Johnson v. Morrison,* 21 Pac. Rep. (Ariz.), 465; *Stith v. Fullinwider,* 40 Kan. 73. The finding that the words were spoken in good faith makes them privileged. Odgers, Slander, 200, 201, 270–272; 5 Wait, Act. & Def. 749; 1 Hilliard, Torts, 403; *Filber v. Dautermann,* 28 Wis. 134.

For the respondent the cause was submitted on the brief of *Austin & Hamilton.*

PINNEY, J. It is contended on behalf of the appellant that, upon the entire record, judgment should have been given in his favor, and that therefore the order granting a new trial is erroneous.

1. It is claimed that the words spoken are not actionable; that they do not, in their natural and obvious sense, impute a crime to the plaintiff, but negligence only. It is not material to determine whether the words spoken, independent of the circumstances and occasion of speaking them, are actionable *per se.* Whether they are actionable or not must be decided in the light of the facts alleged in the complaint by way of inducement (*Filber v. Dautermann,* 28 Wis. 134; *Weil v. Schmidt,* 28 Wis. 137); and, in the absence of any bill of exceptions, we cannot but presume that the evidence before the court when the order was made sustained these allegations. The words in question clearly impute to the plaintiff the crime of embezzlement, when taken in connection with the matter set up by way of inducement, which is a statement of the matter out of which the charge arose (*Taverner v. Little,* 5 Bing. N. C. 678), used to make the charge intelligible. The charge made against the plaintiff is substantially equivalent to saying: " You, as my servant,

have been intrusted with the nine postage stamps in question, and you have fraudulently concealed and embezzled them. You have them, and if you do not give them to me I will have you imprisoned for your crime." This objection cannot, therefore, be allowed.

2. In view of the finding that the words were not spoken *in the proper place and manner*, the claim that the words spoken were privileged, if otherwise well founded, cannot be maintained. The effect of this finding is obviously to impute to or establish against the defendant express malice in speaking the words in question. The proper meaning of a privileged statement or communication is .that the occasion of making it legally rebuts the *prima facie* inference of malice *in law*, arising from the speaking of words otherwise slanderous, and puts the burden on the plaintiff of proving express malice, *i. e.*, that the defendant was actuated by motives of spite or ill will, or was guilty of culpable recklessness or negligence, such as speaking the words in an improper place for that purpose,— one calculated to give undue publicity to the statement,— or in an improper manner, as violently or vindictively. Townsh. Sland. & L. § 399; *Gilpin v. Fowler*, 9 Exch. 615; *Briggs v. Garrett*, 111 Pa. St. 404. In view of the finding that the words in question were not spoken in a proper place or proper manner, it is impossible to say that they were privileged.

3. But it is contended that the effect of the finding of the jury, already noticed, is controlled by the effect of the fifth finding, in substance that the defendant did not speak the words maliciously or with intent to injure the plaintiff. These findings are special findings, and we know of no rule by which we may discredit either, and allow the others a controlling influence. If the fourth finding is allowed to prevail, the plaintiff would be entitled to judgment; and if, instead, the fifth finding prevails over the fourth, still the plaintiff would be entitled to compensatory damages, at least. It cannot be known what sum the jury allowed as

compensatory damages, or what, in fact, as punitory damages. Punitory damages can be given only in cases where express malice is shown. *Langton v. Hagerty*, 35 Wis. 150. Malice *in law* is not necessarily inconsistent with an honest or even a laudable purpose. If one makes a false accusation against another, without knowledge of its falsity or without sufficient cause or excuse, it is *legally* malicious. *Jellison v. Goodwin*, 43 Me. 288.

Evidently the fourth and fifth findings are inconsistent, and the court below set aside the verdict for that reason, and ordered a new trial, in view of the character of the charge given to the jury, which probably stated to them the law of compensatory damages as affected by *express* malice. Inasmuch, however, as the evidence given on the trial and the charge of the court are not embraced in the bill of exceptions, so that they can be noticed by this court, we cannot say that the order appealed from is erroneous. The presumption is in favor of the correctness of the order, and we must assume that there was sufficient cause in the evidence and instructions of the court, as applicable thereto, to justify the court below in granting a new trial. Error must be shown affirmatively. It cannot be presumed.

*By the Court.*— The order of the superior court of Milwaukee county, appealed from, is affirmed.