## WILLIAM HARRIMAN, Respondent, v. T. M. SAYMAN, Appellant.

St. Louis Court of Appeals, April 3, 1917.

1. LIBEL AND SLANDER: Words Imputing Crime: "Robbery:" Innuendo. In an action for slander, *held* that the alleged slanderous words, "he has robbed me of hundreds of dollars," alleged to have been spoken of plaintiff by defendant, who formerly had been plaintiff's employer, when taken in connection with the context and with the allegation in the petition, by way of inducement, that plaintiff had formerly been employed by defendant as manager of his printing business and that he had honestly accounted for and turned over to defendant all property and money in his possession belonging to the latter, did not charge plaintiff with the crime of robbery, which is a felonious and forcible taking of the property of another from his person or in his presence, against his will, by violence or putting him in fear, and hence the words were not actionable *per se*.

2. ———: ———: ———: ———: Sufficiency of Innuendo. Although the words were not actionable *per se*, because not charging a robbery, nevertheless they were sufficient to constitute actionable slander, when taken in connection with said statements in the petition, by way of inducement, and the innuendo pleaded, that defendant, by the use of such words, meant that plaintiff was a thief,

had wrongfully taken and stolen money and property from defendant, was guilty of the crime of larceny, was dishonest, lacked credit, integrity and ability in his occupation and business, and was a dishonorable and dishonest employee and unworthy of being employed by his then employer.

3. ———: ———: ———: Sufficiency of Evidence. In an action for slander, in charging that plaintiff "has robbed me [his former employer] of hundreds of dollars," alleged by the innuendo to mean that plaintiff was a thief, had wrongfully taken and stolen money and property from defendant, was guilty of the crime of larceny, was dishonest, lacked credit, integrity and ability in his occupation and business, and was a dishonorable and dishonest employee and unworthy of being employed by his them employer, *held* that the evidence was sufficient to take the case to the jury.

4. ———: ———: ———: Instructions: Conformability to Innuendo. In such a case, an instruction that charged the jury to return a verdict for plaintiff if they found that defendant used the words, "has robbed me of hundreds of dollars," or enough of them to substantially constitute the charge imputed to plaintiff of having robbed defendant, and that they were false, was erroneous for failing to confine such words to the meaning placed upon them by the innuendo, since such words did not charge plaintiff with having committed the crime of robbery and it was, therefore, necessary that the jury find that plaintiff, by the use of them, intended them to have the meaning ascribed by the innuendo.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

REVERSED AND REMANDED.

*Charles E. Morrow* for appellant.

(1) The defendant's demurrer to the evidence should have been given. The plaintiff, under his admissions and the uncontradicted evidence, was guilty of two transactions, which prove the truth of all the charges made in the language used in the second count of his petition upon which he recovered, namely: getting the twenty-five dollar rake-off on the Weis contract, and collecting the $3.50 for the Old Time Cafe and converting it to his own use. These transactions are admitted under oath by the plaintiff in his deposition taken before the trial, and he gave no reasonable explanations for changing his testimony. He seriously contradicted himself in his changed

testimony at the trial. Steele v. Railroad, 265 Mo. 97. The plaintiff made so many contradictory statements in his testimony about these transactions and other matters that he ought not to be taken seriously about anything, and the court should not allow a recovery in his behalf for slander to stand. (2) The charge that plaintiff had robbed the defendant of hundreds of dollars does not mean that plaintiff was guilty of the crime of robbery. At least it is ambiguous, and it was explained by the plaintiff in an innuendo claiming that the defendant meant to charge the plaintiff with larceny, and the plaintiff is bound by the meaning placed upon the language in the innuendo. Callahan v. Ingram, 122 Mo. 355; Crandall v. Greeves, 181 Mo. App. 235, 238; Michael v. Mathies, 77 Mo. App. 556; Allen v. Halliman, 12 Pick. 101. (3) The charge that plaintiff was a crook is not actionable *per se.* It can only mean that plaintiff was dishonest, and such was the meaning placed upon it by the plaintiff in his innuendo. Oral imputation of dishonesty or rascality are not actionable *per se,* unless used in respect to plaintiff in his reputation in his trade or business and special damage is shown. Rammel v. Otis, 60 Mo. 365; 25 Cyc. 266. Mere words of common vilification and abuse are not actionable. 25 Cyc. 268. It is not actionable per se to say of one that he is a rogue, a rascal, a scoundrel, or a villain. 25 Cyc. 267. The rule at common law in slander is that oral words tending to disgrace a person, and not imputing a crime, are not actionable without proof of special damage. Jones v. Banner, 172 Mo. App. 132, 137. (4) Plaintiff's instruction 2 did not confine the charges imputed to the plaintiff to the meaning placed upon them by him in his innuendoes. (a) It submitted to the jury to determine what charges were imputed to the plaintiff by the language used. (b) It assumed that the language used did impute to the plaintiff the charge of "having robbed the defendant." (c) It correspondingly placed upon the defendant the burden of proving that the plaintiff had robbed the defendant in order to prove the truth of the charge. Patterson v. Evans, 153 Mo. App. 684. (d) It permitted the jury to speculate in their own minds as to

what constituted the charge of having robbed the defendant. Krup v. Corley, 95 Mo. App. 640; Boyce v. Wheeler, 161 Mo. App. 504, 507, 508. (e) It does not define robbery, if the charge means robbery, or larceny, if it means larceny, as explained in the innuendoes. Krup v. Corley, 95 Mo. App. 640; Boyce v. Wheeler, 161 Mo. App. 504, 507, 508. (f) It was error to tell the jury that plaintiff could recover if enough of the words stated have been proven "to substantially constitute the charge imputed to plaintiff." Enough of the words spoken must be proven to constitute the charge. Parsons v. Henry, 177 Mo. App. 329; Atterberry v. Powell, 29 Mo. 429, 435.

*John M. Goodwin, Henderson & Henderson* and *Brownrigg & Mason* for respondent.

(1) The charge that plaintiff had robbed defendant of hundreds of dollars is unequivocal, unambiguous and unexplained by anything else contained in the statement. The words taken in their natural and obvious signification are actionable in themselves without the alleged meaning attributed to them in the innuendo, and plaintiff therefore, had a right to rely on the words themselves, rejecting the innuendo as surplusage. Callahan v. Ingram, 122 Mo. 355, 367; Julian v. Kansas City Star, 209 Mo. 35, 91; Sotham v. Telegram Co., 239 Mo. 606, 620. (2) Plaintiff's instruction No. 2 is a correct statement of the law. The plaintiff would have been entitled to recover if the jury believed that the charge that plaintiff had robbed the defendant of hundreds of dollars was false, taking the words in their natural and obvious significance without regard to the innuendo. Callahan v. Ingram, 122 Mo. 355, 367; Julian v. Kansas City Star, 209 Mo. 35, 91; Sotham v. Telegram Co., 239 Mo. 606, 620.

BECKER, J.—This is a slander suit and while the plaintiff's amended petition contains seven counts, the case, upon hearing, was finally submitted to the jury upon two counts. There was a judgment in favor of plaintiff on his second count for $1500 actual and $3500 punitive damages, from which defendant appeals.

We set forth the statements by way of inducement, the alleged slanderous words, and the innuendo in that count of plaintiff's petition on which he obtained the judgment.

"That on or about September 6, 1911, plaintiff entered into the employ of defendant as a printer and manager of defendant's printing business, which was conducted under the name of the 'Rush Printing Company;' that under and by virtue of plaintiff's employment as before stated, it was his duty to manage, conduct, transact and carry on all of the business of said Rush Printing Company; that on December 13, 1912, plaintiff severed his connection with defendant as aforesaid and ceased to work for defendant in the capacity before mentioned; that at said time, and at all times prior thereto, plaintiff had fully and honestly accounted for and turned over to defendant all money and property of whatsoever kind he had in his possession belonging to said defendant, and plaintiff had fully and efficiently and completely performed all of the duties and all of the services imposed upon him by his contract of employment with defendant." . . .

"That on or about the 3rd day of January, 1913, in St. Louis, Missouri, after plaintiff had left employ of defendant, defendant well knowing all of the before-mentioned facts, set forth concerning plaintiff, wickedly, designedly and maliciously contriving to injure plaintiff in his good name and standing in his business and occupation, as before defined, and to bring plaintiff into public scandal, infamy and disgrace with all persons, and especially those with whom plaintiff was then connected and associated in the pursuit of his business and occupation, or by whom he would likely become employed and associated with, and with his then employer, in the presence and hearing of Z. Guilbeault and other persons, whose names are unknown to plaintiff, who were then employed by the T. J. George Press Room Company, for whom plaintiff was at the time working, willfully, wantonly and

maliciously spoke of and concerning plaintiff, and concerning him in his business and occupation, certain false, defamatory and slanderous words, to-wit:

"'Where is Mr. Harriman (meaning plaintiff); are you (meaning Guilbault) going to let him out, as I told you over the phone yesterday: that g—d d—m s—n of a b——ch has robbed me (meaning defendant) of hundreds of dollars, and if you intend to keep a crook in your employ you won't get any more work of mine. Put that under your cap,' meaning and referring to plaintiff, and meaning thereby that plaintiff was a thief and had wrongfully taken and stolen money and property from the defendant, and meaning thereby that plaintiff was guilty of the heinous crime of larceny, and meaning thereby that plaintiff was dishonest and lacked credit, integrity and ability in his occupation and business of a printer and other services he performed in connection therewith, and meaning thereby that plaintiff was a dishonorable and dishonest employee and unworthy of being employed by his then employer.''

Defendant's answer was a general denial and a further answer that whatever words may have been spoken of and concerning the plaintiff were true. The reply was a general denial of the new matter contained in the answer.

There was a sharp conflict in the testimony. It is sufficient to say that the testimony for the plaintiff tended to prove the allegations in his petition. The defendant himself denied having spoken the words, and sought, by various witnesses, to prove the truth of the alleged slanderous words.

Having in mind the statements contained in the second count of plaintiff's petition by way of inducement, and all the words making up the alleged slander, can we say, as a matter of law, that the words therein, "has robbed me of hundreds of dollars" . . . can be considered as imputing a crime to defendant and are action-

able *per se,* and therefore actionable in themselves without the alleging or proving of any innuendo?

"Rob" means the felonious taking from the persons or the presence of another, of money or goods against his will by force or putting him in fear. [DeRothchild v. Royal Mail Packet Co., 7 Exch. 734, l. c. 724.]

Bouvier defined *robbery* as "the felonious and forcible taking from the person of another, goods or money to any value by violence or putting him in fear." This is also the definition we find in Blackstone. [4 Bla. Com. 243.]

"Rob" and "robbery" have been held as being synonymous terms. [Robinson v. State, 11 Tex. App. 309, l. c. 313.]

Our Supreme Court has held that our statutes on robbery have made no new definition but are simply declaratory of the common law and robbery was found to be "the felonious and forcible taking of the property of another from his person or in his presence against his will, by violence or putting him in fear." [State v. Broderick, 59 Mo. 318 l. c. 319.]

The words "have robbed me of hundreds of dollars" taken in connection with the other words making up the alleged slander, and together with the statements by way of inducement, clearly, do not fall within the requirement of the common law or our statute definition of imputing to the plaintiff the crime of robbery. It is surely apparent that these words either were used in the everyday non-legal sense that plaintiff had taken an unfair advantage of defendant in some trade or deal or else the words under the circumstances set out in the petition, intended to charge the plaintiff with the crime of larceny or embezzlement, but certainly not with the technical crime of robbery. We therefore hold that these words, taken without the innuendo pleaded, were not actionable *per se.*

In Filber v. Dauterman, 28 Wis. 134, the court in an action for slander held the alleged slanderous words, "have cheated and robbed orphan children out of $1400,"

not to be actionable *per .se.* In this case the innuendo pleaded was that by the speaking of the words aforesaid, defendant intended to have it understood that the plaintiff had cheated and stolen the property of F's orphan children, and was liable to be prosecuted for the crime of larceny. The court sustained a demurrer to the petition on the ground that the words charged, taken in connection with the facts as alleged as inducement, could not be considered as imputing the crime of larceny. The averments by way of inducement being to the effect that one John Freling had assigned to the plaintiff a mortgage for $750 in consideration of which assignment the plaintiff had agreed, in writing, to support and maintain Freling during his natural life, and that three years later Freling died leaving several orphan children, and therefore by the taking of the assignment of the mortgage from Freling as a consideration for his agreement to support said Freling during his natural life, the plaintiff committed the crime of larceny. The court properly held that the statements by way of inducement could in no sense be held to impute a criminal offense and therefore the words were not actionable.

In McCarty v. Barrett, 12 Minn. 494, the defendant was charged with having spoken of the plaintiff the words, "you did rob the town of St. Cloud—you are a public robber," the court held that the town of St. Cloud being a public municipal corporation, the legal offense of robbery could not have been committed against it, as the robbery could only be committed on a human being. But the court also refers in the opinion to the fact that the term "to rob" is used in a popular sense meaning "a wrong *in foro conscientiae* but not legally criminal, as we sometimes say a person has robbed another, when he has only made an unconscionable good bargain and in this sense, although its use in most instances is highly reprehensible, yet it is not actionable."

That counsel for plaintiff, too, were undoubtedly of the opinion that the words set out in the petition, and charged to have been spoken by defendant of plaintiff,

did not impute the crime of robbery, is borne out by the fact that in their pleading they have thought it wise or necessary to plead an innuendo by which it is alleged that by the uttering of the words, the defendant meant to refer to plaintiff, meaning thereby and charging plaintiff with being guilty of the crime of larceny. A reading of the record of the case proves conclusively that if the words were spoken, and the speaking thereof intended to impute any crime to plaintiff, it was the crime of larceny.

The defendant treated the charge in the same view and by way of justification and proving the truth of the alleged words spoken, presented testimony tending to prove the plaintiff guilty of larceny and made no attempt to make any showing that plaintiff had been guilty of robbery.

While we hold the words not actionable *per se,* we also hold that the alleged slanderous words herein charged as having been spoken by the defendant, when taken in connection with the statements by way of inducement and the *innuendo* in the petition, state a case, and that the testimony adduced by plaintiff was sufficient for the court to submit the case to the jury.

When we come to consider the instructions in the case however, we find that instruction No. 2, given by the court at the request of plaintiff, reads as follows:

"The court instructs you that if you believe from the evidence that the defendant, on or about the 3rd day of January, 1913, in the presence and hearing of Z. Guilbeault and other persons, maliciously spoke of and concerning the plaintiff Harriman the words alleged in the second count of plaintiff's petition, to-wit:

'Where is Mr. Harriman: are you going to let him out, as I told you over the phone yesterday? That g—d d—m s—n of a b——h has robbed me of hundreds of dollars, and if you intend to keep a crook in your employ you won't get any more work of mine. Put that under your cap,' or that enough of the words stated as aforesaid have been proven to have been spoken by the defendant

of and concerning the plaintiff to substantially constitute the charge imputed to the plaintiff of having robbed the defendant, and if you further believe from the evidence that the words spoken were false, then your verdict should be for the plaintiff on the cause of action set out in the second count of plaintiff's petition.''

This instruction does not confine the charges imputed to plaintiff to the meaning placed upon them by the innuendo pleaded in the petition but submits the alleged words to the jury upon the supposition that the said words imputed to plaintiff the crime of robbery. This was error, for, as we have above stated, the alleged slanderous words cannot be held to so charge plaintiff, and the words are not actionable *per se*. The instruction should have submitted the question to the jury to determine whether the alleged slanderous words, or enough of the words alleged, had been proven to have been spoken by defendant of and concerning the plaintiff in the presence and hearing of others, to constitute the charge imputed to the plaintiff by the innuendo pleaded in plaintiff's petition, and the failure to do so we hold is reversible error.

The judgment of the circuit court is reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.